# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0812V
Filed: October 27, 2017
UNPUBLISHED

|  |  |
|---|---|
| REBEKAH R. CODDE, as parent and legal representative of her minor daughter, I.R.H.,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*Elizabeth M. Muldowney, Sands Anderson, P.C., Richmond, VA, for petitioner.*
*Christine Mary Becer, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On July 8, 2016, Rebekah R. Codde ("petitioner") as the parent and legal representative of her minor daughter, I.R.H., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that I.R.H. suffered from cellulitis and a scar which was caused in fact by a DTaP, varicella, and Hib vaccines she received on August 21, 2014. On February 10, 2017, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 28.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 7, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 39.) Petitioner requests attorneys' fees and costs in the amount of $31,430.07 to the law firm of Rawls McNelis, PC. (*Id.* at 8.) Petitioner also requests attorneys' fees and costs in the amount of $4,274.12 to the law firm of Sands Anderson, PC. *Id.* Additionally, in compliance with General Order #9, petitioner filed a signed statement stating she incurred $36.46 in out-of-pocket expenses. Petitioner's Exhibit 22. Thus, the total amount requested is $35,740.65.

On September 21, 2017, respondent filed a response to petitioner's motion. (ECF No. 40.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On September 21, 2017, petitioner filed a reply. (ECF No. 41.) In light of respondent's position, petitioner incorporates the arguments and authorities asserted in her original motion for attorneys' fees and costs and requests that the undersigned grant her request. *Id.* at 2.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $35,430.07,[3] as follows:**

- **A lump sum of $31,430.07, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Rawls McNelis, PC;**

- **A lump sum of $4,274.12, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Sands Anderson, PC**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $36.46, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                                **s/Nora Beth Dorsey**
                                                Nora Beth Dorsey
                                                Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.